UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| UNITED STATES OF AMERICA | Case No. 2:10-cr-00007-JMS-CMM-6 |
|---|---|
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ANTRIO D. HAMMOND | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:10-cr-00007-JMS-CMM |
| ANTRIO D. HAMMOND, | ) | -06 |
| Defendant. | ) | |

# ORDER

Defendant Antrio D. Hammond seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 1883. For the reasons explained below, Mr. Hammond's motion is **denied**.

## I. Background

On June 15, 2010, Mr. Hammond was charged in a multi-defendant superseding indictment with: (1) conspiracy to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine and conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and (2) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Dkt. 214. On October 25, 2010, consistent with 21 U.S.C. § 851(a)(1), Mr. Hammond was charged in an Information alleging that he had two prior drug felony convictions. Dkt. 506.

After a jury trial, Mr. Hammond was found guilty of these charges. Dkt. 842. Because Mr. Hammond had two prior drug felony convictions, the mandatory sentence by statute was life in prison. 21 U.S.C. §§ 841(b)(1)(A)(viii) (eff. Aug. 3, 2010 to Dec. 20, 2018). Mr. Hammond was therefore sentenced to life in prison, to be followed by ten years of supervised release. Dkt. 1034. Mr. Hammond appealed and on December 3, 2012, the Seventh Circuit affirmed his conviction and sentence. *See United States v. Moreland*, 703 F.3d 976 (7th Cir. 2012).

Mr. Hammond filed his motion for compassionate release and supplement pro se. Dkts. 1883, 1902. In his submissions, Mr. Hammond argues that he establishes extraordinary and compelling reasons for compassionate release because he is at risk of severe illness should he contract COVID-19 due to his underlying medical condition (cancer) and his age (54 years old). Dkt. 1883 at 9; dkt. 1902 at 1. Mr. Hammond further argues that, due to changes to sentencing laws and subsequent caselaw, if he were sentenced today, he would likely receive a shorter sentence. Dkt. 1883 at 14–17. Finally, Mr. Hammond also argues that his rehabilitation establishes an extraordinary and compelling reason for release. The Court has determined that it can resolve the motion without a response from the United States.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Hammond's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical condition and age—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19

3

for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Hammond has not stated whether he is vaccinated. If he is not fully vaccinated, *Broadfield* precludes relief as Mr. Hammond has presented no evidence that he is unable to receive or benefit from the vaccine. *Id.* If he is fully vaccinated, Mr. Hammond still must show that he is unable to benefit from the vaccine, which he has failed to do. Additionally, Mr. Hammond "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). The BOP also reports that, as of March 16, 2023, no inmates and no staff members at Mr. Hammond's current facility (USP McCreary) have active cases of COVID-19. https://www.bop.gov/coronavirus/ (last visited March 16, 2023). For these reasons, Mr. Hammond has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Mr. Hammond contends that the sentencing disparity between the sentence he received and the sentence he might receive if he was sentenced today establishes an extraordinary and compelling reason to release him. Seventh Circuit precedent holds to the contrary. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)).

As recently summarized by the Seventh Circuit, "When deciding whether 'extraordinary and compelling reasons', 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions.... There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255." *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (cleaned up); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (quoting *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction")).

That leaves Mr. Hammond with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides Mr. Hammond has made in prison are admirable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme… rehabilitation cannot serve as a stand-alone reason for compassionate release") (cleaned up); *see also* 28 U.S.C. § 994(t). The Court does not find that Mr. Hammond's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

In sum, the Court does not find that any of the arguments made by Mr. Hammond establish extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason. Given this determination, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

## III. Conclusion

For the reasons stated above, Mr. Hammond's motion for compassionate release, dkt. [1883], is **denied.**

**IT IS SO ORDERED.**

Date: 3/21/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Antrio D Hammond
Register Number: 09477-028
USP McCreary
U.S. Penitentiary
P.O. Box 3000
Pine Knot, KY  42635