UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:10-cr-00007-JMS-CMM-6 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| ANTRIO HAMMOND | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:10-cr-00007-JMS-CMM |
| ANTRIO HAMMOND, | ) ) -6 | |
| Defendant. | ) ) | |

**ORDER**

Defendant Antrio Hammond has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 1946. In addition, Mr. Hammond has asked the Court for the appointment of counsel. Dkts. 1945, 1957. For the reasons explained below, his motions are **DENIED**.

**I.
Background**

On June 15, 2010, Mr. Hammond was charged in a multi-defendant superseding indictment with: (1) conspiracy to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine and conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (2) unlawfully possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). Dkt. 214. On October 25, 2010, consistent with 21 U.S.C. § 851(a)(1), Mr. Hammond was charged in an Information alleging that he had two prior drug felony convictions. Dkt. 506.

After a jury trial, Mr. Hammond was found guilty of these charges. Dkt. 842. Because Mr. Hammond had two prior drug felony convictions, the mandatory sentence by statute was life in prison. 21 U.S.C. §§ 841(b)(1)(A)(viii) (eff. Aug. 3, 2010 to Dec. 20, 2018). Mr. Hammond was

2

therefore sentenced to life in prison, to be followed by ten years of supervised release. Dkt. 1034. Mr. Hammond appealed and on December 3, 2012, the Seventh Circuit affirmed his conviction and sentence. *See United States v. Moreland*, 703 F.3d 976 (7th Cir. 2012).

Mr. Hammond has filed a motion for compassionate release *pro se*. Dkt. 1946. Mr. Hammond argues that he establishes extraordinary and compelling reasons for compassionate release because: (1) he suffers from a serious medical condition for which he is not receiving proper treatment from the BOP; (2) he wishes to be at home to provide care for his aging father; and (3) a change in the law has resulted in a gross disparity between the sentence he is serving and the sentence he would receive today.[1] Dkt. 1946. He has also filed motions asking for the appointment of counsel. Dkts. 1945, 1957. The United States has filed an opposition to the motion, dkt. 1951. Mr. Hammond filed a reply and several additional submissions. Dkts. 1948 (prayer), 1954, 1959, 1981 (reply), 1982, 1983, 1984, 1985. The motions are now ripe for the Court's consideration.

## II.
## Discussion

### A. Request for Counsel

Mr. Hammond has requested the appointment of counsel to represent him in connection with "any further proceedings." Dkt. 1945 at 1; Dkt. 1957. Because the only issue pending in this

---

[1] At various times throughout Mr. Hammond's submissions, he disputes many of the facts underlying his conviction and contests various elements of his trial. *See* dkt. 1981 at 3–4; dkt. 1985 at 3–4 . The Seventh Circuit has held that "claims about the validity of the original conviction or sentence cannot count toward a finding of extraordinary and compelling circumstances." *United States v. Brock*, 39 F.4th 462, 465 (7th Cir. 2022); *see also United States v. Williams*, 65 F.4th 343, 347–49 (7th Cir. 2023). Accordingly, the Court will not address these matters and finds that these contentions cannot constitute extraordinary and compelling reasons for his release whether considered alone or in combination with any other reason. Moreover, the undersigned presided over Mr. Hammond's trial. The guilty verdicts were well supported by the evidence.

matter is a motion for compassionate release, the Court construes his motion as a motion for counsel to be appointed for the purpose of pursuing compassionate release.

There is no statutory authority entitling a defendant to counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Accordingly, Mr. Hammond's request for the appointment of a federal public defender is **denied**.

Because the Court is unable to appoint counsel, it *sua sponte* considers whether *pro bono* counsel should be recruited. The Court also finds that Mr. Hammond is not entitled to the appointment of *pro bono* counsel. When addressing a request for *pro bono* counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (holding that, because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Hammond has not indicated whether he has attempted to contact any attorneys regarding representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. As to the second question, the Court finds that Mr. Hammond has adequately pled his motion without legal assistance and his *pro se* literacy is quite evident. For these reasons, Mr. Hammond has not

4

shown that *pro bono* counsel should be recruited and his request for assistance with recruiting counsel must therefore be denied.

### B. Exhaustion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Section 3582(c)(1)(A) includes an administrative exhaustion provision, which states that a court may reduce a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement of § 3582(c)(1)(A) is a mandatory claim-processing rule that "must be enforced when properly invoked." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). The Seventh Circuit has held that "in order properly to exhaust, an inmate is required to present the same or similar ground[s] for compassionate release in a request to the Bureau as in a motion to the court." *United*

5

*States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). A primary purpose of the exhaustion requirement is to provide notice to the Warden of the defendant's claims. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) (evaluating an exhaustion defense in a § 1983 claim) ("Thus, once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement.").

Mr. Hammond initially provided no evidence to the Court that he exhausted his claim through the BOP, *see* dkt. 1946, and the United States affirmatively invoked the defense of exhaustion arguing that Mr. Hammond had not petitioned his Warden for release, dkt. 1951 at 2–3. In his reply, Mr. Hammond claimed that he had in fact petitioned the Warden for release and cited a denial of reduction in sentence from the warden in 2021. Dkt 1981 at 1; dkt. 1945-1 at 101. He claims that under the recently amended United States Sentencing Guidelines, a prisoner need not receive approval from the Warden prior to filing a motion for compassionate release. Dkt. 1981 at 1. Later, Mr. Hammond submitted to the Court evidence that he filed a request for compassionate release to the Warden of his facility in September 2023, asking for compassionate release. Dkt. 1982 at 2. His request stated:

> Under the First Step Act, I'm requesting a Reduction from Warden J. Gilley a reduction in sentencing 18 U.S.C 3582(c)(1)(A) so I can move forward on my compassionate release.

*Id.*

The Court finds that Mr. Hammond failed to properly exhaust his claims administratively prior to filing his motion. Mr. Hammond provided no information to the Warden upon which the Warden could make a judgment on his petition. The Warden would have been unaware from his petition of his medical claims, his family circumstance, or any change in the law which would alter his sentence. The Warden therefore did not receive any notice of Mr. Hammond's claims and could

6

not be expected to make a reasoned judgment regarding them. Mr. Hammond is correct that an inmate may file a motion for compassionate release without approval by his or her facility's warden under the provisions of the First Step Act and may file a motion after the expiration of 30 days. *See* 18 U.S.C. § 3582(c)(1)(A). This, however, does not relieve prisoners of the burden of submitting a petition to the warden that allows their claim to be resolved administratively. Congress's judgment in passing the First Step Act was that, while prisoners must be permitted to file motions for compassionate release on their own behalf, the administrative process remains an integral component of processing claims. To find that simply asking for release without specifying any grounds warranting release would read the exhaustion requirement out of the statute because the Warden's role would be rendered meaningless. For these reasons, the Court finds that Mr. Hammond failed to exhaust his claims as required by 18 U.S.C. § 3582(c)(1)(A), and his motion must be **denied**.

### III.
### Conclusion

For the reasons stated above, Mr. Hammond's motion for compassionate release, dkt. [1946], and his motions for the appointment of counsel, dkt. [1945], dkt. [1957], are **denied**.

**IT IS SO ORDERED.**

Date: 3/26/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Antrio Hammond
Register Number: 09477-028
USP McCreary
U.S. Penitentiary
P.O. Box 3000
Pine Knot, KY 42635